FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 25 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUAN XU, | No. 07-71722 |
| Petitioner, | Agency No. A095-881-094 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 16, 2010[**]

Before:      FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

Juan Xu, a native and citizen of China, petitions for review of the Board of

Immigration Appeals' ("BIA") order dismissing her appeal from an immigration

judge's decision denying her application for asylum, withholding of removal, and

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

JT/Research

relief under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Singh v. Ashcroft*, 362 F.3d 1164, 1168 (9th Cir. 2004), and we grant the petition for review, and remand.

Substantial evidence does not support the agency's adverse credibility determination because the date discrepancies identified by the agency are minor and do not go to the heart of Xu's claim. *See Bandari v. INS*, 227 F.3d 1160, 1166 (9th Cir. 2000). Moreover, the agency erroneously relied on the asylum officer's interview notes, which were not sufficiently reliable to impeach Xu's testimony. *See Singh v. Gonzales*, 403 F.3d 1081, 1089-90 (9th Cir. 2005). Finally, because none of the agency's adverse credibility findings are supported, Xu was not required to provide corroboration. *See Kaur v. Ashcroft*, 379 F.3d 876, 890 (9th Cir. 2004).

Accordingly, we grant the petition for review, and remand Xu's claims to the BIA on an open record. *See Soto-Olarte v. Holder*, 555 F.3d 1089, 1093-96 (9th Cir. 2009); *see also INS v. Ventura*, 537 U.S. 12, 16 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED.**